*meaning of term "oil of orange" is not inadmissible.* Evidence of a custom in the chemical industry that the term "oil of orange" refers only to a commodity conforming to the formula of the United States Pharmacopœia is not inadmissible on the ground that the vendor, not being in the drug or chemical business, could not be charged with knowledge of the custom, if it existed, where the evidence in behalf of the vendee showed that the vendor agreed to deliver "oil of orange" in conformity with such formula.

---

**Louis Santowsky for use of Bank of Wisconsin, Appellee, v. First National Bank of Chicago and Chicago Metal Refining Company, Intervening Petitioner, Appellants.**

**Gen. No. 23,642.    (Not to be reported in full.)**

Appeal from the Municipal Court of Chicago; the Hon. JOHN A. RICHARDSON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Affirmed. Opinion filed June 14, 1918.

## Statement of the Case.

Garnishment proceedings by Louis Santowsky for use of Bank of Wisconsin against First National Bank of Chicago, garnishee. The Bank of Wisconsin had previously recovered a judgment of upwards of $2,000 against Louis Santowsky upon which execution was issued and returned unsatisfied. Subsequently the First National Bank of Chicago was served as garnishee. Answers to interrogatories revealed that at the time of the service of the garnishee summons there stood to the credit of Santowsky the sum of $941.71, being a balance of a checking account, subject to a prior assignment thereof from said Santowsky to the Chicago Metal Refining Company, which sum the bank had since paid in full to the latter. The Chicago Metal

Refining Company was made a party as intervening claimant. From a judgment against the garnishee, it and the intervening petitioner appeal.

BERNARD J. BROWN, for appellants.

McCULLOCH & McCULLOCH, for appellee; CHARLES KRAMER and JULIUS MOSES, of counsel.

MR. JUSTICE McDONALD delivered the opinion of the court.

### Abstract of the Decision.

GARNISHMENT, § 130*—*when shown that prior assignment of bank account was void.* Finding that a purported prior assignment of a garnisheed bank account was void as in fraud of creditors and without consideration, *held* sustained by the evidence.

---

### E. H. Johnson, Trustee, Appellant, v. Canfield-Swigart Company et al., Appellees.

### Gen. No. 23,653.

1. CORPORATIONS, § 197*—*when stockholder paid for stock out of corporate funds liable to subsequent creditors.* A stockholder who disposes of his stock with knowledge that the money received in payment thereof is taken from corporate funds, resulting in a depletion of the capital stock of the company, and with the further knowledge that the company is to continue doing business, will, in the event that the company afterwards becomes insolvent, be held accountable for the money thus received to creditors who subsequently extend credit to the company in ignorance of the fact that such depletion of the capital stock has thus taken place.

2. INTEREST, § 19*—*when not allowed on unliquidated demand.* Where a stockholder was paid for stock transferred out of the cor-

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.